IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RAFAEL MARTINEZ-VENTURA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-595 (AJT-WBP) |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Rafael Martinez-Ventura's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. For the reasons discussed below, the Petition is GRANTED.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of El Salvador who entered the United States without inspection in March 2005 by crossing the U.S.-Mexico border. [Doc. No. 1] ¶ 31. On September 30, 2025, ICE agents encountered Petitioner and, after determining that he had not been admitted or paroled, took him into civil immigration custody. [Doc. No. 5-1] ¶¶ 5–6. Petitioner was issued a Notice to Appear that charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. *Id.* ¶ 7. On March 2, 2026, after several rounds of rescheduling Petitioner's merits hearing on his application for relief from removal due to the failure of Petitioner's immigration lawyer to appear, an Immigration Judge ordered Petitioner's removal to El Salvador. *Id.* ¶¶ 8–10. Petitioner's counsel again failed to appear at that hearing,

---

[1] Most of Petitioner's immigration history is derived from the Declaration of Charles M. Byrne, Assistant Field Office Director, attached to Respondents' Opposition to the Petition. [Doc. No. 5-1].

and Petitioner, acting *pro se*, waived his right to appeal. *Id.* ¶ 10. On March 4, 2026, the Board of Immigration Appeals (BIA) rejected Petitioner's appeal, filed by counsel, due to a paperwork error. *Id.* ¶ 11. On April 1, 2026, Petitioner filed a Notice of Appeal to the BIA, which was docketed and remains pending before the BIA. [Doc. No. 12] at 2.

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.    DISCUSSION

Petitioner argues that his detention violates the Immigration and Nationality Act (Count I) and the Constitution's Due Process Clause (Count II). In opposition, Respondents contend that because Petitioner waived his right to appeal before the Immigration Court, he is subject to a final removal order and his detention is therefore governed by 8 U.S.C. § 1231 rather than 8 U.S.C. § 1226, as argued by Petitioner. Respondents' opposition to the present Petition was filed before Petitioner's appeal was filed and accepted by the BIA on April 1, 2026.[2] Since the filing of a timely notice of appeal automatically stays the execution of a removal order, 8 C.F.R. § 1003.6(a), the Court finds that Petitioner's detention is not governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021) (§ 1226 governs detention "pending a decision on whether [the nonticitzen] is to be removed," while § 1231 applies only once a removal order is final).

---

[2] The Court notes the somewhat unusual circumstances surrounding Petitioner's representation by counsel, as summarized in the status report filed by local counsel on April 15, 2026, [Doc. No. 10], which likely resulted in the delayed appeal of his removal order. In any case, as Petitioner correctly notes, the timeliness of Petitioner's appeal to the Board of Immigration Appeals is not an issue for the Court's consideration now that it has been docketed. Whether Petitioner's alleged in-hearing waiver of his right to appeal was knowing and voluntary is a question the BIA can consider and resolve as necessary.

2

In all other respects, the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 6]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

## IV.    CONCLUSION

For the reasons discussed above, the Petition is GRANTED and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

3

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
May 1, 2026

Anthony J. Trenga
United States District Judge